1  KAREN L. HANKS, ESQ.
   Nevada Bar No. 9578
2  E-mail: karen@hankslg.com
   CHANTEL M. SCHIMMING, ESQ.
3  Nevada Bar No. 8886
   E-mail: chantel@hankslg.com
4  HANKS LAW GROUP
   7625 Dean Martin Drive, Suite 110
5  Las Vegas, Nevada 89139
   Telephone: (702) 758-8434
6  *Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-6, ASSET-BACKED CERTIFICATES, SERIES 2007-6; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

SFR Investments Pool 1, LLC hereby files its complaint against the above-named defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, SFR Investments Pool 1, LLC ("SFR"), at all relevant times stated herein, is and was a Nevada limited liability company with its principal place of business in Clark County, Nevada.

2. Upon information and belief, Defendant, Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6, ("Wells Fargo") is a national banking association formed under the laws of the United States with its main office located in South Dakota.

3. Upon information and belief, each of the defendants sued herein as DOES I through X, inclusive claim an interest in the Property or are responsible in some manner for the events and

- 1 -

1  action that plaintiff seeks to enjoin; that when the true names capacities of such defendants become known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

4. Upon information and belief, each of the defendants sued herein as ROE BUSINESS ENTITIES I through X, inclusive claim an interest in the Property or are responsible in some manner for the events and happenings herein that plaintiff seeks to enjoin; that when the true names capacities of such defendants become known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

5. This lawsuit arises out of the foreclosure proceedings on the property located at **3409 Yorkminster, Las Vegas, Nevada, 89129, Parcel No. 138-08-322-040** (the "Property"). Because the Property is located within Clark County, Nevada, jurisdiction and venue are proper in this Court.

### GENERAL ALLEGATIONS

6. A deed of trust, which identified Jose J. Herrara, a married man as his sole and separate property as the Grantor ("Borrower/Grantor") and H&R Block Mortgage Corporation ("H&R Block") as the Lender and Beneficiary, was recorded against the Property on May 10, 2007, as Instrument No.: 200705100002541 ("Deed of Trust").

7. America West Village II Owners Association (the "Association") had a lien on the Property pursuant to NRS 116.3116(1) ("Association Lien") that was perfected at the time the Association recorded its declaration of CC&Rs.

8. On January 11, 2013, after the Borrower/Grantor failed to timely pay his monthly periodic assessments due to the Association, Nevada Association Services ("NAS"), on behalf of the Association, non-judicially foreclosed on the Property ("Association Foreclosure Sale").

9. SFR acquired the Property by successfully bidding on the Property at the publicly-held Association Foreclosure Sale in accordance with NRS 116.3116, *et. seq.*

10. On or about January 16, 2013, the resulting foreclosure deed was recorded on the Property

as Instrument Number 201309270003276 ("Foreclosure Deed").

11. At no time from after the Association Foreclosure Sale to the present, did Wells Fargo or any of its predecessors in interest file an action to challenge the Association Foreclosure Sale.

12. By law, any deed of trust recorded against the Property was extinguished on January 11, 2013, by the foreclosure of the Association Lien.

13. Thus, Wells Fargo does not have a valid Deed of Trust upon which to foreclose.

14. Despite this, on March 21, 2022, Wells Fargo caused a "Notice of Trustee's Sale" to be recorded against the Property as Instrument No.: 202203210000630 ("Notice of Sale").

15. The Notice of Sale indicates Wells Fargo will foreclose on the extinguished Deed of Trust at an auction at on **April 29, 2022, at 10:00 a.m**

**FIRST CAUSE OF ACTION**
**(Quiet Title/Declaratory Relief – NRS 40.010)**

16. SFR repeats and realleges the allegations of paragraphs 1-15 as though fully set forth herein and incorporate the same by reference.

17. Pursuant to NRS 40.010, this Court has the power and authority to declare the SFR's rights and interests in the Property and to resolve Wells Fargo's adverse claims in the Property.

18. Wells Fargo apparently claims an adverse interest in the Property through the Deed of Trust that was extinguished as a result of the Association foreclosure sale.

19. Pursuant to NRS 116.3116(2), the Association Lien has priority over the Deed of Trust.

20. A foreclosure sale conducted pursuant to NRS 116.31162-116.31168, like all foreclosure sales, extinguishes the title owner's interest in the Property and all junior liens and encumbrances, including deeds of trust.

21. SFR acquired the Property by successfully bidding on the Property at the publicly-held Association Foreclosure Sale in accordance with NRS 116.3116, *et. seq*.

22. At no time after the Association Foreclosure Sale did Wells Fargo and/or its predecessors make any claim and/or file an action to challenge the validity of the Association Foreclosure Sale.

23. Thus, by law, the Deed of Trust is extinguished, and Wells Fargo is wrongfully attempting to foreclose on an invalid lien.

**PRAYER FOR RELIEF**

WHEREFORE, SFR prays for judgment against Wells Fargo as follows:

1. A declaration that the Deed of Trust recorded May 10, 2007, as Instrument No.: 00705100002541, was extinguished by the Association foreclosure sale, and therefore Wells Fargo and its successors and/or assigns are barred from foreclosing on said lien;

2. A declaration that SFR's rights and interests in the Property are superior to any adverse interest claimed by Wells Fargo, its successors and/or assigns;

3. For a preliminary and permanent injunction that Wells Fargo, and its successors, assigns and agents are prohibited from initiating and/or continuing foreclosure proceedings, and from selling or transferring the Property;

4. That Wells Fargo, and its successors, assigns and agents are permanently enjoined from interfering with SFR's and its tenants' right to quiet enjoyment of the Property;

5. For general and special damages;

6. For an award of attorney's fees and costs of suit incurred herein; and

7. For such other and further relief the Court may deem just and proper.

DATED this 20th day of April, 2022.

HANKS LAW GROUP

*/s/ Chantel M. Schimming*
CHANTEL M. SCHIMMING, ESQ.
Nevada Bar No. 8886
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
*Attorneys for SFR Investments Pool 1, LLC*