UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> WELLS FARGO BANK, NATIONAL ) <br> ASSOCIATION, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:22-cv-00655-GMN-EJY <br><br> **ORDER GRANTING SUMMARY JUDGMENT AND DENYING MOTION TO CERTIFY QUESTIONS OF LAW** |

Pending before the Court is Defendant Wells Fargo Bank, National Association's Motion for Summary Judgment ("MSJ"), (ECF No. 53).[1] Plaintiff SFR Investments Pool 1, LLC, filed a Response and Counter Motion for Summary Judgment, (ECF Nos. 61, 63). Wells Fargo filed a Reply to its Motion for Summary Judgment, (ECF No. 69), as well as a Response to the Counter Motion for Summary Judgment, (ECF No. 70). SFR filed a Reply to the Counter Motion for Summary Judgment, (ECF No. 71).[2]

---

[1] SFR asserts that Wells Fargo's Motion is late because dispositive motions were due on July 7, 2023. (Resp. 2:20–3:4, ECF No. 61). On March 3, 2023, the Magistrate Judge granted a motion to extend discovery and dispositive motion deadlines to June 9, 2023, and July 7, 2023, respectively. (Disc. Deadline Order, ECF No. 27). After this deadline was set, however, the parties stipulated to stay discovery until a decision was made on certain then-pending motions. (Order Granting Stip. to Stay Disc., ECF No. 45). The Magistrate Judge continued a limited stay on discovery after ruling on the motions. (6/30/2023 Hearing Tr. 32:4, ECF No. 52). The dispositive motions deadline could not have passed before the end of discovery. *See* LR 26-1(b)(4) ("Unless the discovery plan otherwise provides and the court so orders, the deadline for filing dispositive motions is 30 days after the discovery cut-off date."). Accordingly, the Court finds that the Motion for Summary Judgment is timely.

[2] Wells Fargo objected to SFR's filing of a reply in support of its Countermotion because it "would serve as a de facto sur-reply to Wells Fargo's Motion, given that SFR's Countermotion is a carbon-copy of the SFR Response." (Resp. Counter MSJ 3:6–8, ECF No. 70). Although the Court agrees that SFR's joint Response and Counter Motion violate the local rules, which require a separate document for each type of relief requested or purpose of the document, to further judicial efficiency, the Court interprets the motions as cross motions for summary judgment and considers all filings.

Also pending before the Court is SFR's Motion to Certify Questions of Law to the Nevada Supreme Court, (ECF No. 60). Defendant Wells Fargo Bank filed a Response, (ECF No. 67), to which SFR filed a Reply, (ECF No. 68).

For the reasons discussed below, the Court **GRANTS** Wells Fargo's Motion for Summary Judgment, **DENIES** SFR's Counter Motion for Summary Judgment, and **DENIES** the Motion to Certify Questions of Law.

I.  **BACKGROUND**

This case arises from Wells Fargo's alleged pursuit of foreclosure on the property located at 3409 Yorkminster, Las Vegas, Nevada, 89129, Parcel No. 138-08-322-040 (the "Property"). (Compl. ¶ 5, ECF No. 1). Jose and Paula Herrera, the Borrowers, purchased the property in 2001. (Grant Deed, Ex. 1 to MSJ, ECF No. 53-1). In 2007, the Borrowers financed the purchase of the Property with a loan secured by a deed of trust. (First Deed of Trust, Ex. 2 to MSJ, ECF No. 53-2). After several reassignments, Wells Fargo was assigned all beneficial interest in the First Deed of Trust in 2008. (*Id.*); (Assignments of Deed of Trust, Ex. 3 & 4 to MSJ, ECF Nos. 53-3–4).

On or about June 20, 2007, the HOA Trustee recorded a Notice of Lien ("NOL") evidencing $1,920.00 owed in violation fines and collection charges. (NOL, Ex. 7 to MSJ, ECF No. 53-7). The HOA Trustee later recorded a Notice of Default and Election to Sell Under Homeowners Association Lien on February 17, 2009, a Notice of Trustee's Sale on December 20, 2012, and finally, a Foreclosure Deed on January 16, 2013. (Not. Default, Ex. 8 to MSJ, ECF No. 53-8); (Not. Trustee's Sale, Ex. 9 to MSJ, ECF No. 53-9); (Foreclosure Deed, Ex. 10 to MSJ, ECF No. 53-10). SFR entered the highest bid of $11,900.00 for the Property at the HOA foreclosure sale on January 11, 2013. (Foreclosure Deed, Ex. 10 to MSJ).

Wells Fargo began the foreclosure process in 2021 based on non-payment under the First Deed of Trust. (Not. Default and Election to Sell Real Property, Ex. 11 to MSJ, ECF No.

53-11).  The Deed of Trust sale was set for April 29, 2022. (Not. Trustee's Sale, Ex. 12 to MSJ, ECF No. 53-12).  SFR filed suit in this Court for one cause of action: Quiet Title/Declaratory Relief under NRS 40.010. (Compl. ¶¶ 16–23).  The parties stipulated to enjoin the foreclosure sale pending resolution of this case. (Order Granting Stip., ECF No. 13).  Following discovery, the parties now move for summary judgment. (MSJ, ECF No. 53); (Counter MSJ, ECF No. 63).

## II.    LEGAL STANDARD

### A. Certify Questions of Law

This Court may certify questions to the Nevada Supreme Court if the proceedings before it raise "questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Appeals of this state." Nev. R. App. P. 5(a).  Certification is not mandatory even where state law is unclear on a particular issue, but is rather within the federal court's sound discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974); *see also Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1225 (D. Nev. 2008) ("[W]hen a federal court confronts an issue of state law which the state's highest court has not addressed, the federal court's task typically is to predict how the state's highest court would decide the issue.").  "Factors a federal court should consider in exercising this discretion include whether the state law question presents a significant question of important state public policy, whether the issue involved has broad application, whether law from other states is instructive, the state court's case load, and comity and federalism concerns." *Carolina Cas. Ins. Co.*, 572 F. Supp. 2d at 1226 (citing *Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003)).  The certifying court may also consider "the timing of the certification, and whether certification will achieve savings to time, money, and resources or promote cooperative judicial federalism." *Id.* at 1226 (citing *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).

### B. Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citation and quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating

that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn

in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

"[W]hen simultaneous cross-motions for summary judgment on the same claim are before the court," like they are here, "the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001).

## III. DISCUSSION

The Court begins by addressing SFR's Motion to Certify Questions to the Nevada Supreme Court. Because the Court exercises its discretion to deny this motion, the Court then turns to the parties' arguments on summary judgment.

### A. The Court Declines to Certify Questions to the Nevada Supreme Court

SFR requests the Court certify two questions to the Nevada Supreme Court: (1) Whether repeated actions i.e. filing lawsuits, sending cease a desist letters, asserting affirmative defenses, and filing counterclaims, by a purchaser against a lienholder constitutes an affirmative act under *Thunder Properties* for purposes of triggering the statute of limitations; and (2) Whether the statute of limitations applies to a lienholder's defense where the defense is a mirror image of the time-barred claim. (Mot. Certify Questions, ECF No. 60). The Ninth Circuit has already denied SFR's nearly identical motion in a different case requesting certification of the same two questions. (*See* U.S. Court of Appeals Case No. 22-16472 at ECF No. 40, Mot. Certify Question of Law, Ex. 1 to Resp., ECF No. 67-1); (U.S. Court of Appeals Case No. 22-16472 at ECF No. 49, Memorandum at 5 n.2, Ex. 2 to Resp., ECF No. 67-2).

Moreover, existing precedent governs the issues SFR raises. Namely, *Thunder Properties* and various cases interpreting it govern the triggering of the relevant statute of limitations. *See, e.g.*, *Wells Fargo Bank, N.A. as trustee for Banc of Am. Mortg. Sec. Mortg.*

*Pass Thru Certificates Series 2005-3 v. Springs at Centennial Ranch Homeowners Ass'n*, No. 20-16342, 2023 WL 6890086, at *1 (9th Cir. Oct. 19, 2023) (rejecting SFR's argument that its "general policy of refuting the continued existence of deeds of trust it purchased at HOA foreclosure sales" is an affirmative action triggering the statute of limitations under *Thunder Properties* in an unpublished memorandum decision). And it is well settled under Nevada law that "[l]imitations do not run against defenses*." Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964). Though there are some exceptions to this general rule, the Court finds itself capable of applying existing case law to the facts of this case. Therefore, the Court, in its discretion, DENIES SFR's Motion to Certify Questions to the Nevada Supreme Court.

### B. Wells Fargo is Entitled to Summary Judgment

Wells Fargo argues that there was no superpriority component of the HOA's foreclosure lien that could have extinguished Wells Fargo's Deed of Trust, and further, no statute of limitations issues are at play. (MSJ 2:15–3:3). SFR argues that the HOA foreclosed on a lien containing superpriority amounts, *Thunder Properties* should apply prospectively only and not apply here, and Wells Fargo—the Defendant in this matter—is time-barred or otherwise barred by laches.[3] The Court agrees with Wells Fargo that there was no superpriority component of the HOA foreclosure lien and no statute of limitations applies, and GRANTS summary judgment for Wells Fargo.

### 1. Superpriority[4]

At issue in this case is whether the HOA's Foreclosure Lien extinguished Wells Fargo's First Deed of Trust. "NRS 116.3116(1) confers to an HOA a lien on a homeowner's unit for

---

[3] Because SFR filed a joint Response and Counter MSJ, it is unclear which arguments are made in opposition to summary judgment in favor of Wells Fargo and which arguments are made in favor of summary judgment for SFR. Nonetheless, the Court has considered all arguments and finds SFR's arguments unpersuasive.

[4] To the extent SFR argues that Wells Fargo failed to plead a superpriority component affirmative defense, the Court notes that Wells Fargo's Answer does assert a priority defense, stating, "If SFR took title to the Property, it was subject to [Wells Fargo's] first priority Deed of Trust, thereby forestalling any enjoinment/extinguishment of the Deed of Trust in the Property." (Ans. 4:10–13, ECF No. 16).

unpaid assessments, construction penalties, and fines levied against the unit. NRS 116.3116(2) establishes the priority of that lien, splitting the lien into two pieces—'a superpriority piece and a subpriority piece.'" *Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66, 69 (Nev. 2016) (quoting *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014), *holding modified by Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017)). "The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is 'prior to' a first deed of trust," whereas the "subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust." *SFR*, 334 P.3d at 411. That is, "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Morgan Stanley ABS Cap. I Tr. 2004-HE8, Mortg. Pass-Through Certificates, Series 2004-HE8 v. Fid. Nat'l Title Ins. Co.*, 536 P.3d 915, 923–25 (Nev. 2023). The Nevada Supreme Court has determined that "the superpriority lien granted by NRS 116.3116(2) does not include an amount for collection fees and foreclosure costs incurred; rather it is limited to an amount equal to the common expense assessments due during the nine months before foreclosure." *Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66, 72 (Nev. 2016).

Here, the HOA foreclosed under HOA violations. (HOA Trustee Collection File, Ex. 13 to MSJ, ECF No. 53-13) (indicating balance due for rules violations). Because HOA violations are not part of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, HOA violations fall under "all other HOA fees or assessments," and a lien based on such violations is subordinate to a first deed of trust. *See SFR*, 334 P.3d at 411.

SFR does not respond to Wells Fargo's argument that a lien based on HOA violations is subordinate to a first deed of trust. SFR nonetheless argues that the HOA foreclosed on a lien containing super-priority amounts. (Resp. 11:8–13:5). Specifically, SFR contends that prior to

2015, a notice of delinquent assessment triggers the super-priority, not a notice of lien, and a 2009 letter to the Borrower contained amounts for unpaid assessments. (*Id.* 11:10–12:4).  But the 2009 letter is not related to the Notice of Default or Notice of Sale and is therefore immaterial here. (*See* Not. Default, Ex. 8 to MSJ); (Not. Sale, Ex. 9 to MSJ, ECF No. 53-9); (2009 Letter, Ex. A to Resp. at 4, ECF No. 61-1).  And to the extent SFR argues that an assessment in the amount of $132.00 was due and owing and part of the notice of lien, a status report from the HOA Trustee includes an entry stating, "Lien recorded for Violations Only," indicating that the lien was unrelated to unpaid assessments. (HOA Trustee Collection File at 580, Ex. 13 to MSJ).  Moreover, SFR does not explain how or why the $132.00 assessment is part of the notice of lien.  Accordingly, the HOA lien is subordinate to the first deed of trust, Wells Fargo's deed of trust is not extinguished, and Wells Fargo is entitled to summary judgment on SFR's quiet title claim.[5]

**2. Statute of Limitations**

Wells Fargo notes that "[d]uring the course of discovery in this litigation, SFR, as the Plaintiff in this matter, has bizarrely attempted to advance a statute of limitations theory as an alternative means of prevailing on its quiet title action." (MSJ 10:5–7).  Namely, SFR contends that "Wells Fargo is really masquerading its time-barred quiet title claim through [an] unpled defense, and therefore the statute of limitations should apply." (Resp. 4:23–24).  This Court has already rejected SFR's statute of limitations theory in another case. *See SFR Invs. Pool 1, LLC v. Fed. Nat'l Mortg. Ass'n*, No. 2:23-cv-001348-GMN-NJK, 2024 WL 1540822, at *2 (D. Nev. Apr. 8, 2024) (dismissing SFR's quiet title claim because statutes of limitations do not run against defenses).  Because any affirmative defense raised by Wells Fargo is not subject to a statute of limitations, SFR cannot prevail on this theory. *See Dredge Corp. v. Wells Cargo, Inc.*,

---

[5] The Court has considered SFR's arguments that (1) *Thunder Properties* can only apply prospectively and (2) Wells Fargo is barred by the doctrine of laches and finds them unpersuasive.

389 P.2d 394, 396 (Nev. 1964); *Cf. City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1035 (9th Cir. 2003) (applying statute of limitations to plaintiff's "time-barred claims masquerading as defenses" to counterclaims filed in response to plaintiff's claims).

## IV.　CONCLUSION

**IT IS HEREBY ORDERED** that Wells Fargo's Motion for Summary Judgment, (ECF No. 53), is **GRANTED**.

**IT IS FURTHER ORDERED** that SFR's Countermotion for Summary Judgment, (ECF No. 63), is **DENIED.**

**IT IS FURTHER ORDERED** that SFR's Motion to Certify Questions of Law to Nevada Supreme Court, (ECF No. 60), is **DENIED.**

The Clerk's Office is kindly instructed to close this case and enter judgment for Wells Fargo.

**DATED** this __31__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT